# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00178-MR
# [CRIMINAL CASE NO. 1:05-cr-00023-MR-DLH-5]

| | |
|---|---|
| DEBORAH REID HENDRIX, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] and the Government's Response [Doc. 7]. For the reasons that follow, Petitioner's motion to vacate will be granted in part and the Petitioner shall be resentenced without application of the statutory mandatory minimum of 240 months.

## I.  BACKGROUND

On February 28, 2005, the Petitioner was indicted by the Grand Jury for the Western District of North Carolina and charged, along with fifteen co-defendants, with conspiracy to manufacture and possess with intent to distribute over 1.5 kilograms of methamphetamine, in violation of 21 U.S.C.

§§ 846 and 841. [Criminal Case No. 1:05-cr-00023-5 ("CR"), Doc. 3: Indictment]. On March 22, 2005, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying Petitioner that it would seek enhanced penalties based on Petitioner's 2003 North Carolina state conviction for possession of a Schedule II controlled substance. [CR Doc. 38: Information]. For that state conviction, the Petitioner received a sentence of four to five months of imprisonment, suspended, along with eighteen months of supervised probation. [CR Doc. 362: Presentence Report ("PSR") at ¶ 34]. Petitioner's term of probation was extended for a period of six months due to violations. [Id.].

On April 18, 2005, the Petitioner pled guilty to the conspiracy charge pursuant to a written plea agreement with the Government. In the plea agreement, the parties stipulated that the amount of methamphetamine known or reasonably foreseeable to Petitioner was at least 50 grams but less than 150 grams. [CR Doc. 56: Plea Agreement ¶ 6(a)]. As part of the plea agreement, the Petitioner agreed to waive her right to appeal or to seek post-conviction relief, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 19].

Prior to sentencing, the probation officer prepared a presentence report (PSR), in which the probation officer calculated a total offense level of

35 and a criminal history category of II, resulting in an advisory Guidelines range of 188 to 235 months' imprisonment. [CR Doc. 362: PSR at ¶¶ 31, 38, 55]. Because of the § 851 notice, however, the probation officer noted that Petitioner faced a statutory mandatory minimum of 240 months. [Id. at ¶ 55].

Prior to Petitioner's sentencing hearing, the Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based on Petitioner's substantial assistance. [CR Doc. 195]. On February 9, 2006, the Petitioner appeared before the Honorable Lacy H. Thornburg, United States District Judge, for a sentencing hearing. The Court granted the Government's motion for a downward departure and sentenced the Petitioner to a term of 200 months in prison. [CR Doc. 220]. The Petitioner filed an appeal, but it was voluntarily dismissed on August 17, 2006. United States v. Hendrix, No. 06-4193 (4th Cir. Aug. 17, 2006).

The Petitioner filed the present motion to vacate, at the earliest, on July 4, 2012. [Doc. 1]. In her motion, the Petitioner contends that she received ineffective assistance of counsel and that, based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*), her sentence was improperly enhanced. [Id.]. The Government has responded to Petitioner's motion, agreeing that Petitioner is entitled to be resentenced without application of the statutory mandatory minimum of 240 months. [Doc. 7].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's motion to vacate was filed more than one year after her judgment became final, and therefore, her motion is not timely under § 2255(f)(1). She has not alleged any government-created impediment to the filing of her motion, thereby rendering § 2255(f)(2) inapplicable. Moreover, the "right asserted" by Petitioner emanates from the Fourth Circuit's decision in <u>Simmons</u>, not a Supreme Court decision; as such, § 2255(f)(3) is not applicable. Finally, Petitioner's motion to vacate is not based upon any newly discovered facts which render her motion timely under § 2255(f)(4). Despite the motion's untimeliness, the Government in its May 19, 2015, filing has agreed to waive the one-year statute of limitations in the interests of justice, a decision which the Court may not override. <u>See</u> <u>Wood v. Milyard</u>, 132 S. Ct. 1826, 1834-35 (2012). Accordingly, the Court will proceed to consider the merits of Petitioner's claim.

Section 841(b)(1) provides for enhanced sentences based on any prior conviction for a "felony drug offense." 21 U.S.C. § 841(b)(1). An offense

5

qualifies as a "felony drug offense" for purposes of § 841(b)(1) if it is punishable by more than one year in prison. In <u>Simmons</u>, the Fourth Circuit held that this threshold is met only if that particular defendant could have received a sentence of more than one year in prison. In so holding, the Fourth Circuit overruled its earlier decisions in <u>United States v. Jones</u>, 195 F.3d 205 (4th Cir. 1999), and <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit had held that an offense is punishable by more than one year in prison as long as *any defendant* could receive a term of imprisonment of more than one year upon conviction for that offense. <u>See Simmons</u>, 649 F.3d at 247.

In the present case, the Court enhanced Petitioner's sentence based on her prior conviction for possession of a Schedule II controlled substance. The parties agree that Petitioner could not have received a sentence of more than one year in prison for this conviction under North Carolina law. Therefore, although <u>Jones</u> and <u>Harp</u> were still good law at the time this Court sentenced Petitioner, <u>Simmons</u> has made clear that Petitioner's prior conviction was not a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1), because it was not punishable by more than one year in prison.

Because the application of the mandatory minimum deprived the Court of discretion and because the Court may well have sentenced Petitioner to

6

a sentence below 200 months without application of that mandatory minimum, the Court concludes that Petitioner is entitled to a new sentencing hearing. See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980).

Based on the foregoing, the Court will grant Petitioner's motion to vacate in part so as to allow Petitioner to be resentenced without application of the 240-month mandatory minimum.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 motion is granted in part and denied in part.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate [Doc. 1] is **GRANTED IN PART** and her sentence is **VACATED** for the reasons stated herein. All remaining provisions of Petitioner's Judgment [Criminal Case No. 1:05-cr-00032-MR-DLH-5, Doc. 220] shall remain in full force and effect;

2. In all other respects, Petitioner's Motion to Vacate [Doc. 1] is **DENIED** and **DISMISSED**;

3. Petitioner shall remain in the custody of the Federal Bureau of Prisons and/or the United States Marshals Service pending her resentencing hearing; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk of Court is directed to certify copies of this Order to the United States Bureau of Prisons, the United States Marshals Service, and the United States Probation Office. The Clerk of Court is further directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 26, 2015

Martin Reidinger
United States District Judge